# OFFICIAL SYLLABI
## Ohio Appeals

SNYDER v. BUCKEYE STATE BLDG. & L. CO. et.

Ohio Appeals, 4th Dist., Pickaway Co.

615. HUSBAND AND WIFE—1081. Separation Agreements—419. Dower.

Separation contract, purporting to discharge husband's land from wife's dower, must be supported by proof that it was understood and voluntarily signed by wife, and that execution was followed by actual separation.

413. DIVORCE AND ALIMONY—291. Constitutional Law.

Where divorce is granted in State other than matrimonial domicile, and jurisdiction over defendant obtained by constructive service, full faith and credit clause does not apply.

681. JURISDICTION.

Where jurisdiction of foreign state over defendant has been obtained by constructive service only, divorce decree will not affect defendant's right of dower in real property in Ohio.

Irvin F. Snyder and Barton Walters, Circleville, for Snyder.

Abernethy & Simpkins, Circleville, for Bldg. & Loan Co.

MAUCK, J.

1. A contract of separation between husband and wife purporting to discharge his lands from her inchoate dower estate is not, of itself, sufficient to accomplish that purpose. Such contract must be supported by proof that it was understood by the wife and was voluntarily signed by her, and its execution must be followed by an actual separation of the parties.

2. Where state in which divorce decree was rendered was not the state of matrimonial domicile, and jurisdiction over the defendant was obtained by constructive service, Section 1, Article IV, U. S. Constitution, requiring full faith and credit to be given in each state to judicial proceedings in every other state, does not apply.

3. Where foreign state has jurisdiction over one party to divorce action, courts of Ohio will recognize divorce decree, but, if the jurisdiction of such foreign state over the defendant has been obtained by constructive service only, such decree will not affect the defendant's right of dower in real property in Ohio.

(Middleton and Allread, JJ., the latter of the Second Appellate District sitting in place of Sayre, PJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.